UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NET2PHONE, INC.

      Plaintiff,

v.

EBAY, INC., et al ;

      Defendants.

Civ. Action No. 06-2469 (KSH)

**OPINION &
ORDER**

**KATHARINE S. HAYDEN, U.S.D.J.**

      On October 3, 2008, Magistrate Judge Shwartz issued an Order denying the parties' joint request to delay certain filing deadlines related to the preparation of the Final Pretrial Order until after this Court's resolution of the pending Markman issues [D.E. # 294].  Specifically, the parties requested that the deadlines be extended until 45 days before trial with respect to the following portions of the Final Pretrial Order:  (1) Part 2—Pending/Contemplated Motions (the parties appear only to request extension of the filing deadlines for contemplated *in limine* motions); (2) Part 3—Stipulation of Facts; (3) Part 4—Contested Facts; (4) Part 8—Exhibits; and (5) Part 9—Single List of Legal Issues (collectively, the "pretrial components").  On October 8, 2008, this Court entered an Order stating that it would entertain an expedited appeal of Magistrate Judge Shwartz's Order and that all filing deadlines would remain intact pending the Court's review [D.E. # 296].  See Loc. Civ. R. 72.1(c)(1).   Both parties have submitted briefs in support of their appeal [D.E. # 300, 301].  The pretrial conference is currently scheduled to occur before Judge Shwartz on November 7, 2008 [D.E # 210].

1

In support of their appeal, the parties essentially argue that (1) because discovery is still ongoing, preparation of a truly final Pretrial Order is impossible; and (2) resolution of the claim construction issues before submission of the pretrial components would more effectively streamline counsel's efforts to move this litigation along.  The parties believe that the Markman rulings will significantly alter the legal landscape—causing an extensive investment in time and resources—and will ultimately result in a Final Pretrial Order that must be "redone" once the claims have been construed and discovery has closed.  Therefore, say the parties, it makes more sense to delay preparation of the Final Pretrial Order until that time.

Magistrate Judge Shwartz sees things differently.  Judge Schwartz's Order states that the purpose of the Final Pretrial Conference set for November 7, 2008 will be frustrated if the proposed Final Pretrial Order lacks significant sections.  It also states that the parties have long been on notice that the Final Pretrial Conference would proceed notwithstanding the pendency of dispositive motions.  Further, her Order declares that the extension of collateral discovery deadlines and the presence of other ongoing compliance issues will have no impact on the preparation of the Final Pretrial Order.  Finally—and most importantly—Judge Shwartz believes that preparation of the Final Pretrial Order at this time will facilitate resolution of dispositive motions and ultimately enable an efficient and organized march to trial.

While it may be the case that claim construction can enhance the efficiency of trials and narrow the issues presented for summary judgment, see Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc., 183 F.3d 1347, 1353 (Fed. Cir. 1999); Magarl, L.L.C. v. Crane Co., No. 03-01255, 2004 U.S. Dist. LEXIS 24283, at *44-45 (S.D. Ind. Sept. 24, 2004), it is equally true that a magistrate judge has wide-ranging authority to conduct discovery in the manner he or she deems fit.  For that reason, a non-dispositive order by a magistrate judge should not be disturbed unless

it is "clearly erroneous or contrary to law." Loc. Civ. R. 72(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J. 1997). In cases such as this, the clearly erroneous standard counsels that "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." See Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998). An abuse of discretion standard is particularly appropriate in scheduling matters or where the "magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." Peer v. U.S. Airways, Group, Inc., No. 02-1462, 2007 U.S. Dist. LEXIS 39396, at *5-6 (D.N.J. May 31, 2007) (citing Sullivan, 183 F.R.D. at 127).

  The Court will defer to Magistrate Judge Shwartz's sound discretion. Implicit in her Order is a balancing of interests between the perceived efficiency an abeyance might promote and unnecessary delays that will be avoided by simply sticking to the schedule. Judge Shwartz obviously believes the latter option to be the prudent course. The parties have long been aware of the upcoming deadlines, and therefore will suffer no prejudice by adhering to Judge Shwartz's timetable. While the parties may believe that their proposal is the most competent solution, the magistrate judge is the final arbiter of all pretrial scheduling matters. See Wortman v. Beglin, No. 03-495, 2007 U.S. Dist. LEXIS 60163, at 5 (D.N.J. Aug. 17, 2007) ("Plaintiff in essence asks this Court to intervene in discovery matters and to resolve ongoing disputes between himself and [d]efendants. This is not the role of the district judge. Plaintiff should address any concerns he has with the discovery schedule to the magistrate judge."). This Court is particularly ill-positioned—while Judge Shwartz has been intimately associated with the daily practicalities of this complicated case from its inception—to tell her that she ought to take a different tack.

The Court finds Judge Shwartz's October 3, 2008 Order to be a rational exercise of her discretion, and therefore not clearly erroneous or contrary to law.

For the foregoing reasons, and with good cause appearing, it is on this 22nd day of October, 2008, hereby

**ORDERED** that the Order of Magistrate Judge Shwartz dated October 3, 2008, denying the parties' request to delay filing of certain portions of the joint proposed Final Pretrial Order, is **AFFIRMED**; and it is further

**ORDERED** that all scheduling deadlines set forth by Magistrate Judge Shwartz shall remain intact; and it is further

**ORDERED** that any requests to amend all or part of the Final Pretrial Order after resolution of the claim construction issues shall be referred to Magistrate Judge Shwartz at that time.

Date:  October 27, 2008

/s/ Katharine S. Hayden

Katharine S. Hayden
United States District Judge