UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NET2PHONE, INC.
   Plaintiff,

v.

EBAY, INC., et al ;

   Defendants.

Civ. Action No. 06-2469 (KSH)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

  On August 4, 2008, Magistrate Judge Patty Shwartz held a telephonic hearing in this matter to determine, *inter alia*, whether to permit the parties to supplement their expert reports to include opinions concerning alleged discovery violations. As a result of that teleconference, Judge Shwartz agreed that both parties should be permitted to supplement their expert reports, but ordered that the supplements be exchanged simultaneously, and limited to the subject matter relating to the alleged discovery violations. *See* D.E. # 264. Upon the parties' joint request, Judge Shwartz thereafter extended the deadline to disclose the supplemental reports until October 10, 2008. *See* D.E. # 294. Defendants timely served such supplemental reports, but plaintiff elected not to supplement its expert reports as directed by Judge Shwartz. It instead served "rebuttal reports" that responded to defendants' initial expert reports. *See* Pl. Br. in Support of Mag. Appeal ("Pl. Br.") at 2-3. At defendants' request, Judge Shwartz issued an oral opinion and struck these reports as violative of her original order granting limited supplementation [D.E. # 342]. Plaintiffs now challenge this order.

1

Non-dispositive orders by a magistrate judge are disturbed only if he or she has entered a decision that is clearly erroneous or contrary to law.  L. Civ. R. 72.1(c)(1).  Having reviewed the record, the Court concludes that Judge Shwartz's determination was neither.

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure states in pertinent part:

> (C) *Time to Disclose Expert Testimony.*  A party must make these disclosures at the times in the sequence that the court orders.  *Absent a stipulation or a court order*, the disclosures must be made:
>
> . . .
>
> (ii) if the evidence is intended solely to contradict or rebut [another party's expert report], within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C)(ii) (emphasis added).  Plaintiff does not claim that Judge Shwartz lacked the authority to prohibit expert rebuttal reports under the rule, it argues simply that she didn't give such an order.  In other words, plaintiff asserts that Judge Shwartz's orders did not specifically direct it not to file rebuttal expert reports, and thus the rule permitted it to do as of right.  The Court disagrees.  The August 4, 2008 telephonic hearing and Judge Shwartz's subsequent scheduling orders make clear that her permission to supplement the reports as to discovery violations excluded all other reports, Rule 26(a)(2)(C)(ii) reports included.  On the facts presented, Judge Shwartz did not err on this point.

The Court also agrees with defendants that *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1985) is inapposite here.  Plaintiff complains that Judge Shwartz attempted to avoid application of the factors enumerated in *Pennypack* (to determine if exclusion of evidence as a sanction is appropriate) by stating that her order is not a sanction.  Pl. Br. at 6.  Further, it cites *Pennypack* for the proposition that exclusion of evidence is an extreme sanction.  *Id.* (citing *Pennypack*, 559 F.2d at 905).  But were a court obligated to conduct a

*Pennypack* analysis each time a party violated an otherwise valid order limiting the scope of discovery, a magistrate judge's "discretion" to issue such an antecedent order would be no discretion at all.  The Court agrees with defendants that Judge Shwartz's order to strike was not a sanction, but was issued to enforce her prior directive that rebuttal expert reports not be permitted.  And a *Pennypack* analysis was not required to for her to do that.

Because Judge Shwartz's order striking plaintiff's expert rebuttal reports was not clearly erroneous or contrary to law, plaintiff's objection [D.E. # 351] is **DENIED** and the order [D.E. # 342] is **AFFIRMED.**

**SO ORDERED** this 10th day of August, 2009.

/s/  Katharine S. Hayden

Hon. Katharine S. Hayden
United States District Judge